# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALAURIE BARBERA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOWE'S HOME CENTERS, INC., | : | No. 09-1617 |
| Defendant. | : | |

### MEMORANDUM

Schiller, J.  May 15, 2009

Valaurie Barbera sued Lowe's Home Centers, Inc. for negligence in a Pennsylvania State Court. Lowe's removed the action to this Court and now moves to have this action transferred to the Middle District of Pennsylvania. For the reasons below, the Court grants the motion.

## I. BACKGROUND

On March 25, 2009, Barbera filed a lawsuit in the Philadelphia Court of Common Pleas against Lowe's. (Def.'s Mot. to Transfer Venue ¶ 1.) Barbera resides at 120 West Enterprise Street in Glen Lyon, Pennsylvania. (Compl. ¶ 1.) According to the Complaint, Barbera was hurt at a Lowe's located at 50 West Side Mall in Edwardsville, Pennsylvania. (*Id*. ¶¶ 3, 5.) She claims that she came into contact with improperly displayed and/or stored sales inventory. (*Id*. ¶ 4.) Barbera alleges negligence on Lowe's part in failing to inspect the premises, warn patrons of the dangerous condition, and repair the hazardous condition. (*Id*. ¶ 8.) She seeks damages in excess of $50,000 to compensate her for the severe injuries she suffered to her neck, back, arms, and legs as a result of Lowe's negligence. (*Id*. ¶ 9 and *ad damnum* clause.)

An accident report prepared by the Lowe's store manager lists two employees of the Lowe's store in Edwardsville, Pennsylvania as persons with knowledge of the incident. (Def.'s Mot. to

Transfer Venue ¶ 8.) Following the incident, Barbera sought treatment at the Horizon Medical Corporation and at Mercy Hospital, both of which are located in Scranton, Pennsylvania. (Def.'s Mot. to Transfer Venue Ex. E [Medical Records].) On April 17, 2009, Lowe's removed this case to this Court based on diversity of citizenship. Defendant now seeks a transfer to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II.     STANDARD OF REVIEW

Because there is no federal question asserted in the Complaint, venue is governed by 28 U.S.C. § 1391(a). That statute reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, Defendant has requested a change of venue, pursuant to 28 U.S.C. § 1404. In relevant part, that statute directs that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2008).

The decision of whether to grant a transfer under § 1404(a) lies within the discretion of the trial court. *Wilce v. Gen. Motors Corp.*, Civ. A. No. 96-6194, 1996 WL 724936, at *1 (E.D. Pa. Dec. 13, 1996). The trial court possesses broad discretion in this matter. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Defendant, as the moving party, bears the burden of proving that venue is proper in

the transferee district and that a transfer is appropriate. *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000); *see also Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Idasetima v. Wabash Metal Prods., Inc.*, Civ. A. No. 01-0197, 2001 WL 1526270, at *1 (E.D. Pa. Nov. 29, 2001).

**III.  DISCUSSION**

Defendant has clearly demonstrated that venue is proper in the Middle District of Pennsylvania. *See Lindley*, 93 F. Supp. 2d at 617. The incident occurred at a Lowe's in Edwardsville, Pennsylvania, which is located in Luzerne County in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) (setting forth counties that comprise Middle District of Pennsylvania). Additionally, Plaintiff sought medical treatment in Scranton, which is also in the Middle District of Pennsylvania. Because a substantial part of the events giving rise to Barbera's claims occurred in the Middle District of Pennsylvania, she could have originally brought this action there.

Turning to the issue of whether a transfer should be ordered for the convenience of the parties and the witnesses and is in the interest of justice, the Third Circuit Court of Appeals has enumerated both private and public factors to be evaluated when a district court considers a motion to transfer venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records –

similarly limited to the extent that files could not be produced in the alternative forum. *Id*. at 879. The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative court congestion of the two fora; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the judge's familiarity with the applicable state law. *Id*. at 879-80.

### A. The Private Factors

Normally, the plaintiff's choice of forum is entitled to great weight. *Shutte*, 431 F.2d at 25; *see also Wilson v. State Farm Mutual Auto. Ins. Co.*, Civ. A. No. 04-1562, 2004 WL 1551743, at *2 (E.D. Pa. July 8, 2004). Here, however, Plaintiff does not reside in the chosen forum and the incident giving rise to her claim occurred outside of her chosen forum. Therefore, plaintiff's choice is entitled to less deference. *See Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405-06 (E.D. Pa. 2001); *see also Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) ("A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight."); *see also Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) ("Here, since plaintiffs, non-district residents, have no connection with this district, their choice of forum is not entitled to great weight.")

At both the time of the accident and the time she filed this lawsuit, Barbera lived in the Middle District of Pennsylvania. Furthermore, the incident happened in the Middle District of Pennsylvania and Barbera sought treatment from medical providers in the Middle District of Pennsylvania. These facts all favor transfer to the Middle District of Pennsylvania. *See Idasetima*, 2001 WL 1526270, at *2; *see also Ryle v. NES Rentals*, Civ. A. No. 04-3708, 2004 WL 2609121, at *1 (E.D. Pa. Nov. 16, 2004). In fact, as far as this Court can discern, the only connection this

4

litigation has with Philadelphia is plaintiff's counsel, who maintains an office in Philadelphia. But that fact is irrelevant to the venue analysis. *Tranor*, 913 F. Supp. at 391 n.8; *Idasetima*, 2001 WL 1526270, at *3 n.4 ("Convenience of plaintiffs' counsel is not a factor for this court to consider in deciding a motion to transfer."); *Matt*, 74 F. Supp. 2d at 469.

The convenience of the witnesses and location of the evidence is to be considered to the extent that the witnesses and evidence would be unavailable in the plaintiff's chosen fora. *Jumara*, 55 F.3d at 879. While Defendant has not claimed that any of the witnesses or evidence would be unavailable for production in the Eastern District of Pennsylvania, this Court takes notice of a potential problem should this litigation move forward in this District. Rule 45 of the Federal Rules of Civil Procedure, dealing with subpoenas, allows for witnesses to be commanded to travel from any place within a state to attend trial. FED. R. CIV. P. 45(c)(3)(A)(ii) (2008). But some of the witnesses appear to be located more than 100 miles from the place of trial in the Eastern District of Pennsylvania. This fact leaves open the possibility that subpoena for some of the witnesses *may be quashed or modified*.[1] Such a possibility is eliminated if the trial is held in the Middle District of Pennsylvania and therefore weighs in favor of transfer. *See Lindley*, 93 F. Supp. 2d at 618 ("[I]t is generally preferable to prosecute a case in a location where relevant witnesses can be compelled to attend."); *Brantner v. Black & Decker Mfg. Co.*, Civ. A. No. 92-1962, 1992 WL 365489, at *4 (E.D. Pa. Nov. 30, 1992) (noting that fact that witnesses are within subpoena power does not surmount inconvenience to those required to travel long distances to testify).

---

[1] "To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." FED. R. CIV. P. 45(c)(3)(B)(iii).

Plaintiff points out that Defendant is headquartered in North Carolina, has 1,649 stores in the United States and Canada, and has litigated numerous cases in Philadelphia courts. (Pl.'s Mem. of Law in Support of Answer in Opp'n to Mot. to Transfer Venue at 3.) These facts are not helpful to this Plaintiff. If Defendant's previous appearances in Philadelphia courts established proper venue for Barbera, any limits contained in the venue statute would be read right out of the law. But the venue analysis is "flexible and individualized," and therefore must be applied on a case-by-case basis. *Stewart Org.*, 487 U.S. at 29.

Plaintiff also claims that "Defendant's arguments rely on speculation" and that Defendant's reasons for seeking transfer are "convenience-based arguments in support of its preference." (Pl.'s Mem. of Law in Support of Answer in Opp'n to Mot. to Transfer Venue at 3.) The Court fails to see how Plaintiff's residence, the location of the incident, and the location of Plaintiff's medical treatment are speculative. And the Court would expect Defendant to make convenience-based arguments for its choice of forum given that § 1404(a) permits transfer "[f]or the convenience of parties and witnesses."

**B.     The Public Factors**

The public factors tilt slightly in favor of transfer. A number of the public factors, including the enforceability of the judgment, court congestion, and the judge's familiarity with the applicable law are neutral. Practically speaking, however, it appears as though much of the relevant evidence and witnesses are located in the Middle District of Pennsylvania. Additionally, the citizens of the Middle District have more of an interest in this litigation than the citizens of the Eastern District of Pennsylvania. *Idasetima*, 2001 WL 1526270, at *3. Thus, practical considerations favor transfer, as does the local interest in deciding local controversies at home.

## IV. CONCLUSION

Practical considerations coupled with the local interests in deciding local controversies at home and the private factors previously evaluated leads this Court to conclude that a transfer is "in the interest of justice." *See* 28 U.S.C. § 1404(a). Accordingly, Defendants have met their burden of proof and this Court will exercise its discretion to transfer this litigation to the Middle District of Pennsylvania. An Order consistent with this opinion will be docketed.